UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

| | |
|---|---|
| Donald E. and Rose D. Beauregard, | No. 11-13069 tf7 |
| Debtors. | |
| Brenda Rule-Osburn, | No. 14-13624 ta7 |
| Debtor. | |
| Michael P. and Leslie A. Montano, | No. 14-12950 ja7 |
| Debtors. | |

**MEMORANDUM OPINION**

Before the Court are three voluntarily converted Chapter 13 cases, two of which converted before a plan was confirmed. The question is whether, in light of the Supreme Court's recent decision in *Harris v. Viegelahn,* 135 S. Ct. 1829 (2015), Kelly L. Skehen, the Chapter 13 trustee in these cases prior to conversion (the "Standing Trustee"), may after conversion proceed in accordance with prior practice and pay a portion of the money she holds in each case to creditors and administrative expense claimants, or must instead return all funds to the debtors. We conclude that *Harris* requires all funds be returned to the debtors.

I. FACTS

The three cases started in Chapter 13 and were converted voluntarily to Chapter 7.[1] The debtors in *Rule-Osburn* and *Montano* converted their cases before their plans were confirmed. In *Beauregard* the Court had confirmed a Chapter 13 plan, which provided in part:

> In the event this case is converted to another chapter under the Bankruptcy Code or is dismissed after a plan has been confirmed, the chapter 13 trustee shall

---

[1] *See* 11 U.S.C. § 1307(a) ("The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time.").

> disburse all funds held in trust as of the date of the dismissal or conversion in accordance with the provisions of the plan, the order confirming the plan, and any subsequent Court-approved modifications thereto, without further notice, including paying any outstanding fee applications or fees owed to the Court.

¶ 8.2 of the plan.[2]

In each case the Standing Trustee is holding funds from the debtors' post-petition wages, paid to her under the debtors' proposed or confirmed Chapter 13 plans. The Standing Trustee has asked the Court for instructions about how the funds should be disbursed following conversion in view of *Harris*.

## II. *HARRIS v. VIEGELAHN*

In *Harris* the debtor had filed a Chapter 13 case, apparently because he fell behind on his home mortgage payments to Chase Home Finance, LLC ("Chase").[3] On the petition date Harris was about $3,700 in arrears. He filed a Chapter 13 plan, proposing to make $530 monthly plan payments for 60 months. Of that amount, $352 was to be paid to Chase monthly until the arrearage was cured. Harris also proposed to make his regular monthly mortgage payment of $960 directly to Chase "outside" the plan.

The plan was confirmed. About five months later Chase filed a motion for relief from the automatic stay, alleging that after filing his Chapter 13 case Harris failed to keep his mortgage payments current. The result was an agreed order modifying the automatic stay to permit prosecution of a foreclosure action. About a year later Harris filed a notice converting his case to Chapter 7. Attached to the notice was the following (the "Assignment"):

---

[2] This same provision is part of the form Chapter 13 plan generally used, though not required to be used, in this district. The plans filed in *Rule-Osburn* and *Montano* both contained this provision. *See* Case No. 14-12950 – no. 15; Case no. 14-13625 – Docket no. 15.

[3] The underlying facts are gleaned not only from the Supreme Court opinion but also from the docket of the bankruptcy case, no. 10-50655 (Bankr. W.D. Tex.), and the written appellate decisions in the case reported at 491 B.R. 866 (W.D. Tex. 2013) and 757 F.3d 468 (5th Cir. 2014).

-2-

Assignment of Funds

> I, Charles E. Harris, III, Client(s), hereby assign to MALAISE LAW FIRM the funds held by the Chapter 13 Trustee, Said funds are in the amount of $1200.00 and are to be considered payment for post-conversion Chapter 7 attorney fees.
> /s/ Charles E. Harris, III
>
> SWORN TO AND SUBSCRIBED BEFORE ME on this 21 day of November, 2011.  /s/ notary public

Case no. 10-50655 – Docket no. 30.

On the conversion date the Chapter 13 trustee Mary Viegelahn ("Viegelahn") was holding $5,519.22 of undistributed plan payments. Shortly after conversion she paid Debtor's counsel $1,200.00; about ten days later she paid the remaining $4,319.22 to creditors and $267.79 to herself for her commission. Nothing was returned to Harris.

Harris filed a motion to compel Viegelahn to pay the $4,319.22 to him. The bankruptcy court granted the motion, stating in open court:

> The language of 1326(a)(2) would – is all very well and good, but it presumes that the trustee is still the trustee. And 348 says that conversion of the case under, among other things, 1307, terminates the service of any trustee that is serving in the case before the conversion. So, the trustee can no longer be functioning as the trustee, and, therefore, can no longer be functioning as the disbursing agent.
> . . . .
> Well, this is exactly what I saw, in terms of consequences, that you've got to call the case in accordance with what the statute says, and not necessarily with what the consequences are. I don't like these consequences. But it looks to me like the statutory language is pretty clear. So, I guess I'll let the chips fall where they may on this one.
>
> Case no. 10-50655 – Docket no. 52.

The Court ordered Viegelahn to pay $4,319.22 to Harris.

Viegelahn appealed Judge Clark's decision to the District Court, which affirmed, holding that the Code sections at issue were ambiguous but that Congressional policy was clear that upon

conversion to Chapter 7, Harris' post-petition wages held by Viegelahn for disbursement to creditors were to be returned to Harris. *Harris,* 491 B.R. at 873-74.

The Fifth Circuit reversed, rejecting both Harris' and Viegelahn's statutory arguments but concluding that considerations of policy and equity dictate that "the creditors' claim to the undistributed funds is superior to that of the debtor." *Harris,* 757 F.3d at 481.

A unanimous Supreme Court reversed, ruling:

> When a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway. § 103(i) ("Chapter 13 ... applies only in a case under [that] chapter."). Harris having converted the case, the Chapter 13 plan was no longer "bind[ing]." § 1327(a). And Viegelahn, by then the *former* Chapter 13 trustee, lacked authority to distribute "payment[s] in accordance with the plan." § 1326(a)(2); see § 348(e).

*Harris,* 135 S. Ct. at 1838 (emphasis in original).

In other words, the Supreme Court held that none of the provisions of Chapter 13 apply in a case converted to Chapter 7. This holding is central to an understanding of the import of *Harris*. After conversion, a Chapter 13 trustee becomes the *formerly* serving Chapter 13 trustee in the case; her services qua Chapter 13 trustee are terminated, and her remaining responsibilities are not predicated on Chapter 13. *Harris*, 135 S. Ct. at 1838.

The Supreme Court brushed aside Viegelahn's argument that the confirmed plan gave creditors a vested right to the funds in dispute, because "'[n]o provision in the Bankruptcy Code classified any property, including post-petition wages, as belonging to creditors.'" *Harris,* 135 S. Ct. at 1839 (quoting *In re Michael,* 699 F.3d 305, 312-13 (3d Cir. 2012)).

-4-

The Supreme Court also emphasized that § 348(f)(1)(A) clearly provides that upon conversion, absent bad faith,[4] the debtor's post-petition wages do not become property of the Chapter 7 estate and therefore are not available to pay Chapter 7 claims:

> [P]roperty of the [Chapter 7] estate in the converted case shall consist of property of the estate, as of the date of filing of the [initial Chapter 13] petition, that remains in the possession of or is under the control of the debtor on the date of conversion.

*Harris,* 135 S. Ct. at 1837 (quoting § 348(f)(1)(A)).

Finally, the Supreme Court rejected Viegelahn's argument that her "wind up" duties on case conversion included distributing funds to creditors. *Id*. at 1839. Instead, distributing funds to creditors is a duty imposed by provisions of Chapter 13 that no longer hold sway after conversion. *Id.* at 1838-39. The Supreme Court emphasized that conversion of the case to Chapter 7 "immediately 'terminates the service' of the Chapter 13 trustee . . ." *Id*. at 1836 (quoting § 348(e)). "A core service provided by a Chapter 13 trustee is the disbursement of 'payments *to creditors*.' § 1326(c)." *Id.* at 1838 (emphasis in original). But "[t]he moment a case is converted from Chapter 13 to Chapter 7 . . . the Chapter 13 trustee is stripped of authority to provide that 'service.'" *Id.* (citing § 348(e)).

By contrast, on conversion the wind up duties of a former Chapter 13 trustee, *i.e.* to turn over records and estate property to the Chapter 7 trustee and file a final report, are required by subsections (4) and (5) of Bankruptcy Rule 1019 (which survive conversion) rather than by any provision in Chapter 13. *Id*. at 1839 ("The Federal Rules of Bankruptcy Procedure, however, specify what a terminated Chapter 13 trustee must do postconversion"). Similarly, the former Chapter 13 trustee's duty on conversion to return funds to the person to whom the funds belong

---

[4] If a debtor converts a Chapter 13 case in bad faith, property of the estate in the converted case consists of property of the estate as of the date of conversion. *See* § 348(f)(2).

— the debtor — is not based on § 1326(a)(2) or any other provision of Chapter 13, which hold no sway after conversion, but is necessary to avoid the former Chapter 13 trustee holding those funds in perpetuity. *See* 135 S. Ct. at 1838. Returning funds to the debtor is not a service of the Chapter 13 trustee; instead it is a wind up duty of the former Chapter 13 trustee.

### III. DISTRIBUTION OF HELD FUNDS IF CASE IS CONVERTED AFTER PLAN CONFIRMATION

*Harris* holds that a Chapter 13 trustee cannot pay creditors from funds she is holding on the conversion date. *Harris's* language is broad and unequivocal:

> We hold that, under the governing provisions of the Bankruptcy Code, a debtor who converts to Chapter 7 is entitled to return of any postpetition wages not yet distributed by the Chapter 13 trustee.

135 S. Ct. at 1835.

True, the Beauregards' confirmed plan authorized the Chapter 13 trustee to "disburse all funds held in trust as of the date of the . . . conversion in accordance with the provisions of the plan . . . without further notice, including paying any outstanding fee applications . . . ." Plan, ¶ 8.2. But such language does not change the result. *Harris* held:

> Harris having converted the case, the Chapter 13 plan was no longer "bind[ing]." § 1327(a). And Viegelahn, by then the *former* Chapter 13 trustee, lacked authority to distribute "payment[s] in accordance with the plan." § 1326(a)(2); see § 348(e).

135 S. Ct. at 1838 (emphasis in original).

Even though the question presented to the Supreme Court was whether Viegelahn could distribute accumulated wage payments to pre-petition creditors, *Harris's* ruling is broad enough to encompass unpaid Chapter 13 administrative expenses such as debtor's unpaid attorneys' fees. *Harris* requires the return of "*any* postpetition wages not yet distributed by the Chapter 13 trustee." *Id.* (emphasis added). In view of *Harris*, we hold that funds held by the Standing

Trustee in confirmed cases must be returned to the debtor upon conversion and cannot be used to pay creditors or administrative claims, notwithstanding any provision of a confirmed plan.

IV. DISTRIBUTION OF HELD FUNDS IF CASE IS CONVERTED BEFORE PLAN CONFIRMATION

It was a common pre-*Harris* practice for Chapter 13 trustees to pay allowed administrative expense claims, such as debtor's attorney's fee, from held funds, if the case was converted before plan confirmation. *See, e.g., In re Harris,* 258 B.R. 8, 11 (Bankr. D. Idaho 2000) ("after compliance with the application and allowance process envisioned by Section 503(a), the attorney can be paid from undistributed funds held by the Chapter 13 Trustee before those funds are returned to the debtor"); *In re Oliver,* 222 B.R. 272, 274 (Bankr. E.D. Va. 1998) ("the debtor's attorney's fees and expenses are . . . properly payable by the Trustee prior to the return of the remaining funds to the debtor . . ."). The basis for doing so was § 1326(a)(2):

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, *after deducting any unpaid claims allowed under section 503(b).*[5]

We hold that *Harris* requires a change to this practice. According to *Harris*, *no* provision in Chapter 13, including § 1326(a)(2), "holds sway" after conversion. 135 S. Ct. at 1838 (Upon conversion "the case is placed under Chapter 7's governance, and no provision in Chapter 13 holds sway."). While *Harris* was focused on the second sentence of § 1362(a)(2), there is no principled basis upon which to continue to give effect to the third but not the second sentence of § 1326(a)(2) after conversion.

---

[5] 11 U.S.C. § 1326(a)(2)(emphasis added). Debtor's counsel fees are § 503(b) administrative expenses. *See* §§ 327, 330(a), and 503(b)(2).

-7-

Further, because *Harris* rejected the argument that distributing funds to creditors is a "wind up" duty, it follows that former Chapter 13 trustees likewise lack authority to pay administrative expenses as a "wind up" duty before remitting funds to the debtor. Like the obligation of a Chapter 13 trustee to pay creditors, the obligation of a Chapter 13 trustee to pay administrative claimants is rooted in Chapter 13.

In sum, the *Harris* decision means that if a Chapter 13 case is converted to Chapter 7 before plan confirmation, all funds held by the standing Chapter 13 trustee on conversion that are not property of the Chapter 7 estate must be returned to the debtor, without paying administrative expenses.

V.  DEBTOR'S ASSIGNMENT OF RIGHT TO PAYMENT

We are mindful of the hardship Harris may impose on attorneys representing debtors in Chapter 13 cases, and of the deleterious effect Harris could have on the willingness of attorneys to represent debtors in Chapter 13 cases.[6]  *Harris* rejected the argument that returning held funds to the debtor after conversion would amount to a "windfall," reasoning that the debtor's post-petition wages would not have been included in a Chapter 7 bankruptcy estate if the debtor had started in Chapter 7 rather than 13. 135 S. Ct. at 1839 ("[w]e do not regard as a 'windfall' a debtor's receipt of a fraction of the wages he earned and would have kept had he filed under Chapter 7 in the first place."). That may be true from the perspective of pre-petition creditors, but obtaining Chapter 13 representation without paying for it could well be considered a windfall to the debtor in a converted case.

---

[6] After conversion, the debtor's Chapter 13 lawyer can apply in the converted case for payment of unpaid Chapter 13 fees. *See* § 503(a). Since the large majority of Chapter 7 cases are "no asset" cases, however, the right is cold comfort. Furthermore, pursuant to § 727(b), the Chapter 13 attorneys' fees would be discharged in the converted Chapter 7 case. *See, e.g.*, *In re Toms*, 229 B.R. 646, 653 (Bankr. E.D. Pa. 1999) ("when a bankruptcy case is converted to chapter 7 from chapters 11, 12, or 13, section 727(b) renders dischargeable all debts which arose before the date of conversion"); *In re Fickling*, 361 F.3d 172, 175 (2nd Cir. 2004) (§ 348(d) does not exempt pre-conversion administrative expenses from discharge).

Payment of attorney's fees was not questioned or challenged in *Harris*. The attorney there obtained an assignment by the debtor of his right to the funds held by the Chapter 13 trustee, to secure payment of post-conversion attorneys' fees. Debtor's counsel attached the assignment to the notice of conversion. The solution for Chapter 13 debtor's counsel might be to include in their engagement letters an assignment of and security interest in the debtor's post-petition wages held by the standing trustee on the date of conversion, to pay allowed unpaid attorney' fees and costs incurred during the Chapter 13 case.

VI. CONCLUSION

*Harris* requires a change in the way Chapter 13 trustees distribute held funds post-conversion.[7] After *Harris*, former Chapter 13 trustees must remit all held funds to the debtor that are not property of the Chapter 7 estate, without paying any creditors or administrative expenses. *Harris'* broad holding applies to converted cases whether or not plans were confirmed. Use of an assignment or security interest as outlined above, or something similar, might minimize the risk faced by debtor's counsel in converted cases.

Separate orders consistent with this memorandum opinion will be entered.

_____
Hon. Robert H. Jacobvitz, Chief Bankruptcy Judge

_____
Hon. David T. Thuma, Bankruptcy Judge

Entered: July 10, 2015

---

[7] Because it is not before the Court, we render no opinion on the effect of dismissal of a Chapter 13 case rather than conversion.

-9-

Case 14-12950-j7    Doc 63    Filed 07/10/15    Entered 07/10/15 16:08:51 Page 9 of 10

Copies to:

Kelley Skehen
625 Silver SW, Ste. 350
Albuquerque, NM 87102

Ronald Andazola
P.O. Box 608
Albuquerque, NM 87103

Gerald Velarde
2531 Wyoming Blvd. NE
Albuquerque, NM 87112

Christopher Trammel
3900 Juan Tabo Blvd, NE
Albuquerque, NM 87111